AUGUST KOBUSH, Appellant, v. ORLANDO P. SCHMIDT, Respondent.

**St. Louis Court of Appeals, March 3, 1903.**

Suit for Improvements: UNDER PLEADING AND PROOF, RECOVERY DENIED. Plaintiff in this case, was the losing defendant in an ejectment suit; he afterwards brought suit under the statute for improvements made on certain land, but not on the land recovered in the ejectment suit, as plaintiff's own testimony shows: *Held,* that under the pleadings and proof plaintiff was not entitled to recover.

Appeal from Warren Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*Jesse H. Schaper* for respondent.

The finding and judgment for the defendant in the lower court should be affirmed here, because the petition of the plaintiff does not state facts sufficient to constitute a cause of action against the defendant, under the statute, to recover compensation for improvements, in this that the plaintiff wholly failed to set forth in his petition the nature of his title. The statute requires such allegation in order to show what color of title, if any, plaintiff had from which the court may determine the question of the good faith of his possession at the time he made his alleged improvements. Sec. 3073, R. S. 1899.

*Peers & Peers* for appellant.

The remedy is not given to one having title, but is given to him who, though without title to the land, has made improvements in good faith, believing he had title. Dothage v. Stewart, 35 Mo. 255. If the improvements were made in good faith, that is, under the

belief that the party in possession had a good title, and without notice of the claim or title of the real owner then he is entitled to recover. Devine v. Charles, 71 Mo. App. 213. The action is given for improvements, and not for title. Brown v. Baldwin, 121 Mo. 114, and the title can not be reinvestigated. An action for improvements under the statute, necessarily concedes the title to real estate is in the adverse party. Stumps v. Hornbeck, 15 Mo. App. 372; Russel v. Defrance, 39 Mo. 506. Hence, the trial court committed error in permitting the question of title to be gone into, in the examination of witness Kobush, the plaintiff.

REYBURN, J.—The defendant herein recovered a judgment in ejectment against plaintiff for recovery of land described as the lower half of Island Number 64 and Island Number 63 in the Missouri river. Before possession was taken under this judgment, the plaintiff, as the occupying claimant, began this proceeding under the statutory provisions to recover compensation for improvements alleged to have been made by him on an island below and east of islands numbers 63 and 64. His petition, properly verified, specifically set forth that on a date named he entered into quiet and peaceable possession of an island formed in the Missouri river below and east of islands numbers 63 and 64, believing he had good right to enter thereon, and that he had title thereto, and had ever since remained in the quiet possession thereof in good faith; that on the ,—— day of ————, 1901, this plaintiff was sued in ejectment for said land by this defendant, who claimed title thereto, and on the —— day of October, 1901, judgment of dispossession was rendered against him, and for $—— damages and $—— monthly rents and profits; that during the time he occupied said premises he had no knowledge or notice of defendant's claim on said land, or any part thereof; that in good faith he put valuable improvements

thereon, believing he had title thereto, and the improvements are specifically set forth, with the further allegation that all such improvements were made in good faith, believing he had title to the land and without notice of defendant's claim. The defendant's answer was a general denial, and the case proceeded to trial before the court, the plaintiff testifying that he had made no improvements on islands 63 or 64, and that he did not claim compensation for any improvements on either islands 63 or 64, and that the improvements were not on 63 and 64, and at the close of the evidence, the court refused an instruction asked by plaintiff and rendered judgment for defendant.

Appellant's statement in print concedes that the action in ejectment was for the lower half of island 64 and island 63 in the Missouri river, and his complaint herein describes the property of which he claimed to be in possession, and upon which he made the improvements, as an island formed in the Missouri river below and east of islands numbers 63 and 64; so we are confronted at the threshold of the case by the facts established and acknowledged that no right of action was alleged in plaintiff's petition, nor sustained by his proof. This disposes conclusively of the case, and the judgment of the lower court is accordingly affirmed. *Bland, P. J.,* and *Goode, J.,* concur.